IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLARA JEAN GARRETT                                                              PLAINTIFF

vs.                                      Civil No. 4:16-cv-04086

CAROLYN W. COLVIN                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Clara Jean Garrett ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability applications March 27, 2013. (Tr. 14). In her applications, Plaintiff alleges being disabled due to fibromyalgia, restless leg syndrome, and carpal tunnel syndrome. (Tr. 200). Plaintiff alleges an onset date of March 15, 2013. (Tr. 14). These applications were denied initially and again upon reconsideration. (Tr. 66-113).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her denied applications. (Tr. 135-136). This hearing request was granted, and Plaintiff's administrative hearing was held on November 12, 2014 in Texarkana, Arkansas. (Tr. 30-65). The ALJ determined Plaintiff was fifty (50) years old on her alleged onset date. (Tr. 35). Such a person is categorized as a "person closely approaching advanced age" pursuant to 20 C.F.R. § 404.1563(d) and 20 C.F.R. § 416.963(d). As for her education, the ALJ determined she had obtained her GED but had no additional training beyond that. (Tr. 35-36).

Subsequent to this hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 11-24). In that decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 15, 2013, her alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff has the following severe impairments: fibromyalgia, obesity, restless leg syndrome, and diminished left eye vision. (Tr. 17-18, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18-19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-23, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform a wide range of light work:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to lifting 20 pounds occasionally and 10 pounds frequently; she is unlimited in her ability to push and/or pull (including operation of

2

> hand and/or foot controls), other than shown for her ability to lift and/or carry; she is limited to sitting 6 hours in an 8-hour workday, no more than 2 hours continuously; standing and walking no more than 6 hours in an 8-hour workday, no more than 2 hours continuously; she is able to occasionally climb ladders, ropes, and/or scaffolds, climb ramps/stairs, balance, stoop, bend, squat, kneel, crawl, and crouch; she is able to count fingers at 3 meters with her left eye and her right eye has no limits; and she has no hearing, manipulative, environment, or communication limitations. She has no mental or other impairments that would prevent her from understanding, remembering, and carrying out job tasks and instructions; paying attention; interacting sufficiently with others; make job related decisions, or adapts to changes in the work environment. See SSR 83-12.

*Id.*

Considering her RFC, the ALJ determined whether Plaintiff was able to perform any of her Past Relevant Work ("PRW") during the relevant time period. (Tr. 23-24, Finding 6). Considering her PRW and her RFC, the ALJ determined Plaintiff retained the capacity of performing her PRW as a cashier/checker (semi-skilled, light). (Tr. 23-24, Finding 6). Because she retained the capacity of performing her PRW, the ALJ determined Plaintiff was not under a disability, as defined by the Act, from March 15, 2013 through the date of his decision or through May 28, 2015. (Tr. 24, Finding 7).

Plaintiff sought review with the Appeals Council. (Tr. 8). On August 15, 2016, the Appeals Council denied Plaintiff's request for review. *Id.* On September 13, 2016, Plaintiff filed her Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 11-12. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff claims the following: (1) the ALJ erred in finding her impairments did not meet the requirements of the Listings; (2) the ALJ erred in finding she retained the capacity to perform light work; and (3) the ALJ erred in ignoring the opinions of her treating physician. ECF No. 11 at 1-20. Because the Court finds the ALJ did not properly consider the opinions of her treating physician, the Court will only address Plaintiff's third argument for reversal.

Plaintiff claims the ALJ's disability determination is not supported by substantial evidence because the ALJ improperly characterized the findings from her treating physician, Dr. George Moricz, M.D. ECF No. 11 at 9-10. Notably, on March 12, 2014, a medical source statement, which appears to have been signed by Plaintiff's treating physician Dr. Moricz, recognized Plaintiff suffered from a number of physical limitations, including in inability to lift 10 pounds, an inability

5

to climb and crawl, and an inability to be exposed to unprotected heights. (Tr. 563-567). In this report, it also appears Dr. Moricz stated Plaintiff suffered from "severe" pain, was in chronic pain, would need frequent work breaks, and would be "unreliable due to weakness in hands and pain in legs and feet." *Id.*

Despite the severity of these findings, which were apparently from Plaintiff's treating physician, the ALJ *did not consider this report.* In this case, the ALJ was required to at least consider and, if they were opinions from Plaintiff's treating physician, give "good reasons" for discounting these findings. *See* 20 C.F.R. § 404.1527(d)(2) (2012). *See also Tiley v. Astrue,* 580 F.3d 675, 680 (8th Cir. 2009) (holding "[t]he regulations require the ALJ to 'always give good reasons' for the weight afforded to the treating physician's opinion"). In this case, since it appears ALJ wholly failed to consider Dr. Moricz's findings, not only did the ALJ not consider those findings but he also did not give "good reasons" for discounting those findings. Thus, this case must be reversed and remanded for further consideration of Dr. Moricz's findings.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of August 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE